

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# Harris v. Armstrong

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Harris v. Armstrong" (2005). *2005 Decisions*. Paper 660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-279                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1369
_____

BOBBY HARRIS,
                              Appellant,

v.

THOMAS M. ARMSTRONG; JAMES CASNER;
THOMAS L. JAMES, Chief Grievance Coordinator;
HEARING EXAMINER MICHAEL FERSON;
CHIEF HEARING EXAMINER ROBERT BITNER;
PAUL STOWITZKY; JOHN C. SMITH; MARK
CAPOZZA; MICHAEL MAHLMEISTER; WALTER
S. SMITH; DENNIS L. FISHER; MARTIN
SAUNDERS; DAVID SHAW; JOHN DOES

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00013)
District Judge: Honorable Terrence F. McVerry

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and/or Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2005

Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed August 23, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Bobby Harris filed a civil rights action in United States District Court for the Middle District of Pennsylvania, alleging that prison officials failed to protect him from an inmate assault in violation of his Eighth Amendment rights. The District Court appointed counsel, and discovery ensued. Harris' deposition was taken. The defendants filed a motion for summary judgment, which, by agreement of the parties and with permission of the District Court, was limited to the issue whether, under the undisputed facts, Harris had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Counsel for Harris submitted written opposition to this motion.

Following the filing of a Report and Recommendation by the Magistrate Judge, appointed counsel moved to withdraw and the motion was granted. Harris submitted Objections to the report pro se. The District Court overruled the Objections and granted summary judgment to the defendants, concluding that Harris had failed to exhaust administrative remedies. Harris was granted leave to appeal in forma pauperis in this Court.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." Porter v.

Nussle, 534 U.S. 516, 532 (2002). The three steps in the Pennsylvania grievance process

are (1) Initial Review pursuant to DC-ADM-804 Part VI.B of the inmate's filed

grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager

pursuant to DC-ADM-804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's

Office of Inmate Grievances and Appeals pursuant to DC-ADM-804 Part VI.D. Spruill

v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

Harris admitted in his deposition that he did not submit a grievance under DC-ADM 804 concerning his failure to protect claim. He argued, however, that he substantially complied with the section 1997e(a) exhaustion requirement through (1) several pieces of third-party correspondence, including a letter from Joe Heckel of the Pennsylvania Prison Society, a Pennsylvania State Police (PSP) report, and a Family/Inmate Complaint from two of Harris' family members, and three communications from Harris himself; (2) his appeal of Misconduct #A280072 pursuant to DC-ADM 801; and (3) a DC-ADM 804 grievance, #4019, concerning the loss of his personal property when he was transferred after the assault.[1] He argues that his claims ultimately were addressed by prison officials as a result of these actions.

We reject this argument as unpersuasive for reasons similar to those given by the Magistrate Judge and District Court. We have held, and both the Magistrate Judge and

---

[1] As the parties are familiar with the undisputed facts concerning exhaustion, and specifically the contents of these items, we will not discuss them in any detail here.

District Court assumed, that a prisoner's civil rights case may be heard on the merits notwithstanding the failure to file a DC-ADM 804 grievance under certain limited circumstances.  See Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers may have impeded filing of grievance).  See also Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance).  Cf. Ray v. Kertes, 285 F.3d 287, 297-98 (3d Cir. 2002) (declining to decide question whether prisoner may satisfy exhaustion requirement in course of proceedings charging prisoner with misconduct under DC-ADM 801).

However, those circumstances are not present here.  Our review of the District Court's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  We have carefully reviewed Harris' thorough brief in opposition to the defendants' motion for summary judgment and the items at issue in this appeal.  We conclude that Harris cannot escape the fact that he never asserted that prison officials were in any way responsible for the attack which occurred on June 20, 2001.  Moreover, the merits of this specific claim were not ultimately addressed by prison officials.

4

At his misconduct hearing, for example, Harris claimed that he should not have been charged with fighting because he was acting in self-defense after he was attacked and stabbed. His claim that he acted in self-defense in fighting back, in which he emphasized that he was the victim and not the aggressor, is substantially different from his claim that prison officials knew of and disregarded an excessive risk to his safety. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The family complaint and communications from Harris himself are similarly inadequate insofar as they convey the unrelated argument that the misconduct was fabricated. The state police report and Heckel letter do not convey Harris' failure to protect claim. The DC-ADM 804 grievance, #4019, concerning the loss of his personal property is wholly unrelated, and, furthermore, it serves to show that Harris was not on grievance restriction, and was aware of the grievance procedures, and could have made use of them to pursue his failure protect claim.

The judgment of the District Court granting summary judgment to the defendants is affirmed.

5